PROB 12C(D)  
(05/17)

April 16, 2025  
pacts id: 8238413

**RECEIVED**  
**May 16, 2025**  
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision and Transfer of Jurisdiction

**Name of Offender:** Jorge Sanchez-Vera (Spanish)　　　　**Dkt No.:** 22CR02447-001-GPC

**Reg. No.:** 06656-506

**Name of Sentencing Judicial Officer:** The Honorable Gonzalo P. Curiel, U.S. District Judge

**Original Offense:** 8 U.S.C. § 1326(a) and (b), Removed Alien Found in the United States, a Class C felony.

**Date of Sentence:** April 24, 2023

**Sentence:** 14 months' custody; 3 years' supervised release. *(Special Conditions If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States. Supervision waived upon deportation, exclusion, or voluntary departure.)*

**Type of Supervision:** Supervised Release　　　　**Date Supervision Commenced:** September 27, 2023

**Asst. U.S. Atty.:** Shivanjali A. Sewak　　　　**Defense Counsel:** Marc Levinson, Fed. Defs., Inc. (Appointed) (619)234-8467

**Prior Violation History:** None.

### PETITIONING THE COURT

**TO ISSUE A BENCH WARRANT AND TRANSFER OF JURISDICTION**

PROB 12C(D)
Defendant: Jorge Mr. Sanchez-Vera
Docket No.: 22CR02447-001-GPC

April 16, 2025
Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. *(nv1)* | 1. On December 30, 2024, Mr. Sanchez-Vera, harassed (threats to kill), in violation of 9A.46.020.1(a)(i) and (b) and (2)(b)(ii), class C, domestic violence- family member of household 10.99.020(7), Revised Code of Washington (RCW), as evidenced by the State of Washington Felony Judgment and Sentence Dkt. No. 25-1-00002-04. |
| | 2. On or before December 31, 2024, Mr. Sanchez-Vera, a previously deported or removed alien, was found in the United States illegally, the conduct of which is in violation of 8 U.S.C. § 1326, as evidenced by the indictment filed in United States District Court in the Eastern District of Washington, Dkt. No. 25-CR-0024-RLP. |
| | 3. On or before December 31, 2024, Mr. Sanchez-Vera, illegally reentered or attempted to reenter the United States, the conduct of which is in violation of 8 U.S.C. § 1325, as evidenced by the indictment filed in United States District Court in the Eastern District of Washington, Dkt. No. 25-CR-0024-RLP. |
| **(Special Condition)**<br>If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion, or voluntary departure. | 4. On or before December 31, 2024, Mr. Sanchez-Vera failed to report to the probation officer within 24 hours of reentry into the United States as evidenced by the indictment filed in United States District Court in the Eastern District of Washington, Dkt. No. 25-CR-0024-RLP. |

**Grounds for Revocation:** As to allegation 1, I received and reviewed the probable cause statement, complaint, statement of defendant on guilty plea, and State of Washington Felony Judgment and Sentence Dkt. No. 25-1-00002-04, which confirm the following: on December 30, 2024, Chelan County Sheriff's Office was dispatched to a harassment call. Ms. Maria Sanchez, sister of Mr. Sanchez-Vera, reported he made threats toward her and her half-brother to kill them and stated she would "be sorry." Both, Ms. Sanchez and her half-brother reported continued threatening calls and messages and expressed fear for their safety given his recent prior convictions of weapons and murder. The following day, Mr. Sanchez-Vera was arrested. On January 2, 2025, a harassment no-contact order was issued.

On February 4, 2025, Mr. Sanchez-Vera pled guilty to one count of harassment and threatened to kill family in violation of 9A.46.020.1(a)(i) and (b) and (2)(b)(ii), class C, domestic violence- family member of household 10.99.020(7), RCW and was sentenced to four months' custody as evidenced by the State of Washington Felony Judgment and Sentence Dkt. No. 25-1-00002-04.

PROB 12C(D)

Defendant: Jorge Mr. Sanchez-Vera  
Docket No.: 22CR02447-001-GPC

April 16, 2025  
Page 3

As to allegations 2, 3, and 4, I received and reviewed the indictment filed in United States District Court in the Eastern District of Washington, Dkt. No. 25-CR-0024-RLP, which confirms the following: on or before December 31, 2024, Mr. Sanchez-Vera, a citizen and national of Mexico, who had theretofore been denied admission, excluded, deported, and removed from the United States on or about September 28, 2023, at San Ysidro, California. Records revealed that the offender was last deported from the United States on September 28, 2023, through San Ysidro, California.

As indicated in the indictment, the offender had not applied for nor had received permission from the Attorney General of the United States or the Secretary of the Department of Homeland Security, to lawfully enter the United States subsequent to removal.

On March 5, 2025, an indictment was filed in the United States District Court, Eastern District of Washington, Dkt. No. 25-CR-0024-RLP, charging the offender with 8 U.S.C. § 1326 Alien in the United States After Deportation. The offender is scheduled for a Jury Trial on May 27, 2025, before Judge Rebecca L. Pennell. The offender is currently detained under Booking No. 250003696 at the Spokane County Jail, Washington.

Lastly, it is respectfully recommended that jurisdiction of this matter be transferred to the Eastern District of Washington so that the violation of supervised release can be resolved with the pending case. If the Court is inclined, the Probation Form 22 is included for signature in Part 1, Order Transferring Jurisdiction.

**U.S. Probation Officer Recommendation:** If found in violation, that supervised release be revoked and the offender be sentenced to 18 months' custody with no supervised release to follow, consecutive to any sentence he may be serving, pursuant to USSG §7B1.3(f), p.s. (An Expanded Violation Worksheet, 12CW(d), has been attached for the Court's review.)

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on: April 16, 2025

Respectfully submitted:  
JENNIFER K. WALKER  
CHIEF PROBATION OFFICER

by

Eva Tadeo  
U.S. Probation Officer  
(619) 557-2650

Reviewed and approved:

Dawn Edwards  
Supervisory U.S. Probation Officer

PROB 12CW(D)                                                                                                   April 16, 2025

# EXPANDED VIOLATION WORKSHEET

1. **Defendant:** SANCHEZ-Vera, Jorge

2. **Docket No.** (Year-Sequence-Defendant No.): 22CR02447-001-GPC

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

    | Violation(s) | Grade |
    |---|---|
    | deported alien found in the U.S. | B |
    | harassment/threats to kill | B |
    | illegal entry/attempted reentry | C |
    | failure to report to the probation officer upon reentry | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                                         [    B    ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))                                                [    IV    ]

6. **Statutory Maximum Term** (*Custody*) (*See* 18 U.S.C. § 3583(e)(3))
   Upon finding of a violation, the court may modify the conditions of supervision; extend the term if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. If the court revokes supervised release, the maximum term of imprisonment upon revocation is:                                                                                              [ 18 months ]

7. **Range of Imprisonment** (*Custody*) (See USSG § 7B1.4(a))
   A Grade B violation with a Criminal History Category IV establishes an imprisonment range of:                                                                                                                               12-18
                                                                                                                                            [  months  ]

8. **Statutory Maximum Term** (*Supervised Release*) (See 18 U.S.C. § 3583(b))

   If supervised release is revoked and a term of imprisonment is imposed that is less than the maximum term of imprisonment imposable upon revocation, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment upon revocation. In this case, the court has the authority to reimpose a term of:                                                                                         [ 36 months ]

9. **Recommendation:**         [18 months' custody, consecutive to any other sentence being served.
                               *See* USSG § 7B1.3(f)- w/ no supervised release to follow                              ]

PROB 12C(D)

Defendant: Jorge Mr. Sanchez-Vera  
Docket No.: 22CR02447-001-GPC

April 16, 2025  
Page 5

## THE COURT ORDERS:

**✓** A BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS, AND UPON APPROVAL OF TRANSFER OF JURISDICTION (PROB 22) FROM THE EASTERN DISTRICT OF WASHINGTON, JURISDICTION TO BE TRANSFERRED. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

(Currently detained at Spokane County Jail under Booking No. 250003696)

_____ A BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS; JURISDICTION TO REMAIN IN THE SOUTHERN DISTRICT OF CALIFORNIA. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____ Other _____

_____  
The Honorable Gonzalo P. Curiel  
U.S. District Judge

4/18/25  
Date